UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SCOTT MURPHY, ON BEHALF )
OF HIMSELF AND ALL OTHERS )
SIMILARLY SITUATED )
)
PLAINTIFF )
) CIVIL ACTION NO 4:26-CV-00043-KGB
v. )
)
CONWAY FENCE, INC., AND )
BARRY THOMAS, INDIVIDUALLY )
)
DEFENDANTS )

## ANSWER TO COMPLAINT

Comes Conway Fence, Inc., and Barry Thomas, Individually, by counsel, Randy Hall of

Little Rock Trial Attorneys, PLLC, and for their Answer to the Complaint, states the following:

1.    The allegations in paragraph 1 are denied.

2.    The allegations in paragraph 2 are denied.

3.    Defendant lacks sufficient information and belief to admit or deny the

allegations in  paragraph 3 and therefore denies the same.

4.    Defendant Conway fence admits it employed Plaintiff. All other allegations

set forth in paragraph are denied. Defendant Thomas denies the allegations in paragraph 4.

5.    Defendant Thomas denies he ever employed Plaintiff. Defendant Conway

Fence admits Plaintiff was an employee.

6.    Defendants deny they meet the definition of an employer as defined by FLSA.

7.    The allegations set forth in paragraph 7 are denied.

8.    The allegations set forth in paragraph 8 are admitted.

9.    The allegations set forth in paragraph 9 are denied.

10.    The allegations set forth in paragraph 10 are admitted.

11.    The allegations set forth in paragraph 11 are admitted.

12.    The allegations set forth in paragraph 12 are denied.

13.    The allegations set forth in paragraph 13 are admitted.

14.    The allegations set forth in paragraph 14 are admitted.

15.    The allegations set forth in paragraph 15 are admitted.

16.    The allegations set forth in paragraph 16 are admitted.

17.    The allegations set forth in paragraph 17 are admitted.

18.    The allegations set forth in paragraph 18 are admitted.

19.    The allegations set forth in paragraph 19 are denied.

20.    The allegations set forth in paragraph 20 are denied.

21.    Defendants admit Conway Fence conducts business in the State of Arkansas and has entered into a prior relationship with Plaintiff. All other allegations set forth in paragraph 21 are denied.

22.    Defendants admit venue is proper herein. All other allegations set forth in paragraph 22 are denied.

23.    Defendant Conway Fence admits it employed Plaintiff. All other allegations set forth in paragraph 23 are denied.

24.    The allegations set forth in paragraph 24 are denied.

25.    The allegations set forth in paragraph 25 are denied.

26.     Defendants admit Conway conducts business within the borders of the State of Arkansas and has annual sales of greater than $500,000.00.  Defendant Conway Fence admits it employed approximately 12 employees. All other allegations set forth in paragraph 26 are denied.

27.     The allegations in paragraph 27 are denied.

28.     The allegations in paragraph 28 are denied.

29.     Defendant Conway Fence admits the allegations in paragraph 29. Defendant Thomas denies the allegations.

30.     With respect to the allegations in paragraph 30, Defendant Conway Fence admits it employs approximately 12 employees. Defendant Thomas denies he employs any person at any time including Plaintiff.

31.     Defendant Conway Fence admits it employed Plaintiff Murphy as a welder. Defendant Thomas denies the allegations in paragraph 31.

32.     The allegations in paragraph 32 are denied.

33.     The allegations in paragraph 33 are denied.

34.     The allegations in paragraph 34 are denied.

35.     The allegations in paragraph 35 are denied.

36.     The allegations in paragraph 36 are denied.

37.     The allegations in paragraph 37 are denied.

38.     The allegations in paragraph 38 are denied.

39.     The allegations in paragraph 39 are denied.

40.     The allegations in paragraph 40 are denied.

41.     The allegations in paragraph 41 are denied.

42.     The allegations in paragraph 42 are denied.

43.     The allegations in paragraph 43 are denied.

44.     The allegations in paragraph 44 are denied.

45.     The allegations in paragraph 45 are denied.

46.     The allegations in paragraph 46 are denied.

47.     Defendants deny each and every allegation not specifically admitted herein.

48.     Defendants pray for trial by jury.

49.     Pleading affirmatively, Defendants plead statute of limitations, set off, failure to state facts upon which may be granted, exemptions under FSLA and any other defense set forth in the Federal Rules of Civil Procedure.

50.     Pleading affirmatively, Defendants assert the class action allegations should be stricken from the record as the class does not meet the requirements of FRCP 23 regarding numerosity.

51.     Pleading affirmatively, Defendant Conway Fence is not subject to FSLA as it confines its operations within the borders of the State of Arkansas and the area surrounding Faulkner County, Arkansas.

Wherefore, Defendants pray for the following relief:

a)      the Court should strike the class allegations due to numerosity;

b)      the Court should dismiss the Complaint;

c)      the Court should award attorney's fees and costs;

d)      for trial by jury; and

e)      any and all other relief to which they are entitled.

4

Randy Hall
Bar Number 89083
Attorney for Defendants
Little Rock Trial Attorneys, PLLC
415 North McKinley Street
Suite 1000
Little Rock, Arkansas 72205
501-404-2333
Randy@littlerocktriallawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Eastern District of Arkansas, Central Division, by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


/s/ Randy Hall_____